## COMMONWEALTH *vs.* BARTHOLOMEW COTTER.

On the trial of an indictment for being a common seller of intoxicating liquors, evidence that there was a bar at the defendant's place of business, and tumblers on the counter, and a beer pump from which strong beer was taken, and no other merchandise except a few cigars, and that on one occasion when a state deputy constable entered the place a number of persons were present, some of whom were intoxicated, and the defendant immediately left the room, and the persons remaining hurriedly passed a jug from behind the bar out of the building, and attempted to pass out a bottle containing whiskey, which the constable seized, is sufficient to warrant a jury in finding that the defendant had made a sale of intoxicating liquor.

INDICTMENT for being a common seller of intoxicating liquors. The case was tried in the superior court, before *Wilkinson*, J., and came before this court on a bill of exceptions substantially as follows :

" The government produced two witnesses who testified to certain sales of intoxicating liquors. The defendant introduced evidence tending to show that no such sales were made by him, and contended that even if these witnesses were to be believed, three sales of intoxicating liquors had not been proved upon their testimony.

" There was also evidence tending to show that at the place kept by the defendant there was a beer pump from which strong beer was taken, and there were tumblers on the counter, but that there was no other merchandise there except a few cigars; that there was a bar, and liquors had been seen there, and during the time covered by the indictment a state deputy constable was there on an occasion when a number of people were therein, some of whom were intoxicated; that when the constable entered, the defendant immediately left the room, followed by some of the people, and directly afterwards the persons present hurriedly passed a jug from behind the bar out of the building, ana attempted to pass out a bottle which the constable seized anu found to contain whiskey.

" This was all the circumstantial evidence tending to show sales cf liquors on the premises or by the defendant or his authority.

" The defendant asked the judge to instruct the jury that upon this evidence they would not be warranted in finding any sale

of intoxicating liquor not directly testified to by a witness. But the judge instructed them that if they were satisfied upon all the evidence relied upon by the government that as many as three sales of intoxicating liquors were made by the defendant within the time, they were authorized to find him guilty; to which ruling and refusal to rule the defendant alleged exceptions."

*G. F. Verry,* for the defendant. The defendant asked the judge to rule that the jury would not be warranted in finding a sale of intoxicating liquor from the circumstantial evidence in this case. On this point he had a right to have the instruction of the court. *Denny* v. *Williams,* 5 Allen, 1. The evidence reported is not enough to warrant a jury to find a sale. *Commonwealth* v. *Tubbs,* 1 Cush. 2. *Commonwealth* v. *Clark,* 14 Gray, 367.

*C. Allen,* Attorney General, for the Commonwealth.

BIGELOW, C. J. The effect of the prayer for instructions was that a jury ought not to convict a party on circumstantial evidence. Any such direction to the jury would have been contrary to elementary principles. There is nothing in the nature of a sale to require any different evidence in kind or degree to establish the fact from that which is necessary or sufficient to prove any other fact. *Exceptions overruled.*

