## COMMONWEALTH *vs.* GOTTLIEB R. REICHART.

At the trial of a complaint on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale of intoxicating liquors, consisting of an eating room and a bar room, evidence that a waiter carried wine from the bar into the eating room, and brought back money, will warrant a finding of a sale of the wine, without more definite proof of payment or promise to pay for it.

COMPLAINT to the municipal court of the city of Boston, on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement in that city, used by the defendant for the illegal sale and illegal keeping of intoxicating liquors.

At the trial in the superior court on appeal, before *Pitman*, J., the witnesses for the Commonwealth testified that the defendant kept a bar room and eating room ; that they had often seen bottles taken from under the bar, and liquids, which appeared to be wines, poured out of them and drunk by persons standing at the bar ; and that they had seen liquids, which they thought were German wines, carried to the tables in the eating room for persons sitting there. But the Commonwealth " offered no evidence of any payment, or agreement to pay, on any occasion, for liquids, which the witnesses described as looking like wines, handed over the bar or delivered elsewhere ; except that it offered as such the testimony of one witness, who said that he had seen money passed on one occasion, while leaning against the bar, and that the money came from the waiter, who brought it from the dining room, after carrying there what the witness supposed to be wines." On cross-examination, this witness said that he could not swear whether the money, or any part of it, was paid for what was drunk.

The defendant requested the judge to rule " that a sale of intoxicating liquor, in a complaint on the Gen. Sts. *c.* 87, is not

established, unless payment or an agreement to pay be proved, and delivery alone is not sufficient evidence of a sale under any statute but the St. of 1869, *c.* 415, to warrant the jury in returning a verdict of guilty." In response to this request, the judge stated " that he should rule as requested, that the provision of the St. of 1869, *c.* 415, that delivery should be considered *primâ facie* a sale, did not apply to cases under the Gen. Sts. *c.* 87 ; but that the facts proved would authorize the jury, without definite proof of payment or promise to pay, to find that a sale was made on the occasion where only delivery was shown, if all the attendant circumstances satisfy them, as reasonable men, that such was the case ; and that it was a question of fact for them." The jury found the defendant guilty, and he alleged exceptions.

*T. H. Tyndale,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The evidence that the waiter carried wine from the bar to the dining room, and brought back money, was competent evidence of a sale, without more definite proof of payment or promise to pay for the wine, and was properly submitted to the jury. *Commonwealth* v. *Cotter,* 97 Mass. 336.

*Exceptions overruled.*